

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LUNAREYE, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:07CV-114 |
| | § | |
| | § | JUDGE RON CLARK |
| WEBTECH WIRELESS, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER LIFTING STAY AND ENTERING AMENDED SCHEDULING ORDER

The court stayed this case on June 19, 2008, in light of the pending reexamination of the '035 patent. As Plaintiff Lunareye, Inc. has now informed the court that the PTO issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate ("NIRC") on June 19, 2009, which confirms reexamined claim 3 and adds new claims 4-24,[1] Doc. # 46, the court will lift the stay at this time.

---

[1]An NIRC informs the patent owner and third party reexamination requester that the reexamination prosecution has been terminated. MPEP § 2287. A third-party requester may not appeal the reexamination decision to the Board of Patent Appeals and Interferences, and only the Examiner is permitted to amend the patent after the NIRC issues. MPEP §§ 2273, 2287. After the NIRC has been issued, all reexamination cases are screened through the Office of Patent Legal Administration for obvious errors, and the file forwarded to the Office of Publications. MPEP §§ 2287, 2289. Under 35 C.F.R. § 1.570, an *Ex Parte* Reexamination Certificate will then issue, and be published in the *Official Gazette* on the date of issuance. *See also* MPEP § 2288. According to the PTO website, the reexamination file for the '035 patent was forwarded to the Office of Publications on June 26, 2009, but has not yet been published in the *Official*

The court, after considering the statements of counsel during the July 6, 2009 Status Conference, the letter submitted to the court by Defendant WebTech Wireless, Inc. on July 7, 2009, and reviewing the case file, now enters this case specific order which controls disposition of this action pending further order of the court.  **The parties should note that trial will be in Beaumont, not Lufkin**.  The following actions shall be completed by the date indicated:[2]

### DEADLINES

| | |
|---|---|
| July 17, 2009 | Provide Initial Mandatory Disclosures of information directed solely to damages. Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed.  This deadline is not an extension of earlier deadlines set out in this court's order or the Patent Rules, nor an excuse to delay disclosure of information.  It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial. |
| July 28, 2009 | Plaintiff shall notify the court and Defendant by this date whether or not it plans to add new claims to its Infringement Contentions.  "New claims" means claims drawn from newly added reexamination claims 4-24 only. |
| July 31, 2009 | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B). |

*Gazette*.  However, because the reexamination of the '035 patent cannot be appealed, nor can the patent undergo any substantive changes after the NIRC has issued, the reexamination is, as a practical matter, essentially concluded at this point even though the final *Ex Parte* Reexamination Certificate has not yet issued.

[2]If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

| July 31, 2009 | Comply with P.R. 3-7. (Designation of Wilfulness Opinions). |
| August 4, 2009 | If Plaintiff has notified the court that it plans to assert new claims, it will serve P.R. 3-1 Infringement Contentions (and P.R. 3-2 document production) on Defendant by this date. |
| August 7, 2009 | Parties to Designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B). |
| August 25, 2009 | If Plaintiff has served new Infringement Contentions based on newly added claims, Defendant shall serve P.R. 3-3 Invalidity Contentions (and P.R. 3-4 document productions) by this date. |
| August 28, 2009 | File Dispositive Motions and any other motions that may require a hearing re claims now at issue.<br>Each party is limited to a total of sixty pages total for all such motions. Each individual motion shall comply with Local Rule CV-7.<br>**Responses to motions shall be due in accordance with Local Rule CV-7(e).**<br>**Note:   Objections to any expert, including Daubert motions, shall be filed within 3 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten pages each.** |
| September 28, 2009 | If Plaintiff has added new claims to its Infringement Contentions**,** the parties will exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. § 112, ¶ 6 (P.R. 4-1) by this date. |
| October 12, 2009 | If Plaintiff has added new claims to its Infringement Contentions, the parties will exchange proposed claim construction and extrinsic evidence supporting same (P.R. 4-2) by this date. **The parties will also notify the court by this date if a claim construction hearing is required.** |

3

November 27, 2009                 Discovery Deadline.  All discovery must be served in time
                                  to be completed by this date.

December 14, 2009                 Notice of intent to offer certified records

December 14, 2009                 Counsel and unrepresented parties are each responsible for
                                  contacting opposing counsel and  unrepresented parties to
                                  determine how they will prepare the Joint Final Pretrial Order
                                  (*See* Local Rule CV-16(b) and Proposed Jury Instructions and
                                  Verdict Form (or Proposed Findings of Fact and Conclusions
                                  of Law in nonjury cases).

December 21, 2009                 Video Deposition Designation due.  Each party who proposes
                                  to offer a deposition by video shall serve on all other parties
                                  a  disclosure identifying the line and page numbers to be
                                  offered.  All other parties will have seven calendar days to
                                  serve a response with any objections and requesting cross
                                  examination line and page numbers to be included.  Counsel
                                  must consult on any objections and only those which can not
                                  be resolved shall be presented to the court.  The party who
                                  filed the initial Video Deposition Designation is responsible
                                  for preparation of the final edited video in accordance with all
                                  parties designations and the court's rulings on objections

December 28, 2009                 Motions in limine due
                                  File Joint Final Pretrial Order.  See Local Rules Appendix D
                                  (Obtain form for Exhibit List from District Clerk's Office, or
                                  create an Exhibit List form that mirrors the District Clerk's
                                  form).  Exchange Exhibits and deliver copies to the court.  At
                                  this date, all that is required to be submitted to the court is a
                                  hyperlinked exhibit list on disk (2 copies) and no hard copies

January 4, 2010                   Response to motions in limine due.[3]

---

[3] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space, respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall meet and confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response.  The parties shall notify the court of all the issues which are resolved.

File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[4] (This does not extend the deadline to object to expert witnesses). If numerous objections are filed the court may set a hearing prior to docket call.

File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law).

**January 20, 2010**          **Docket call and Final Pretrial at 9:00 a.m.**
Date parties should be prepared to try case. Provide court with two copies of most updated Exhibit list. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pre- Order, but may have some deletions depending on rulings on objections. At this date, the parties should be prepared to give the Deputy Clerk one hard copy of the exhibits.

**January 25, 2010**          **9:00 a.m. Jury Selection and Trial in Beaumont**. Case will then be tried in order with other cases on the docket. (Depending on disposition of other cases on the court's docket, jury selection may be the following week. The court will notify counsel as soon as possible if this is required.

The remainder of the October 24, 2007 Scheduling Order regarding discovery, compliance, and trial procedure remains in effect, with the following modifications to the "Other Matters" section of that Order:

1.      Please note the amendments to the Local Rules regarding motion practice. These supersede Appendix B of the Order Governing Proceedings. If a document filed electronically exceeds five pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to Judge Clark's chambers in Beaumont. *See* Local Rule CV-5(a)(9). Courtesy copies over twenty pages should long be bound to the left.

2.      If the parties agree they want to mediate, they should notify the court if assistance is needed in selecting a mediator.

---

[4] Within five calendar days after the filing of any objections, opposing counsel **shall meet and confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

3.      Any reply or sur-reply must be filed in accordance with Proposed Local Rule CV-6 and Local Rule CV-7(f).  The parties are reminded that "[t]he court need **not** wait for the reply or sur-reply before ruling on the motion."  Local Rule CV-7(f) (emphasis added).


So **ORDERED** and **SIGNED** this **9**   day of **July, 2009.**


_____
Ron Clark, United States District Judge