IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LUNAREYE, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:07CV-114 |
| | § | |
| | § | JUDGE RON CLARK |
| WEBTECH WIRELESS, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

Before the court is the parties' Agreed Motion to Amend the Scheduling Order. The parties request that certain deadlines be moved up by several weeks, and other deadlines be extended. With one exception discussed below, the court will grant the parties' motion.

The parties initially asked that the deadline for dispositive motions be extended from August 28 to September 30, 2009, but later indicated to the court that an earlier deadline of September 21 would also be agreeable. A district court has the inherent power to manage and control its own docket in order to orderly and expeditiously dispose of cases. *United States v. Columb*, 419 F.3d 292, 299 (5th Cir. 2005); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). A dispositive motions deadline in the middle, rather than the very end, of September better allows the court to devote sufficient time and resources to the parties' dispositive motions before the January 2010 trial date.[1]

---

[1] The court also directs the parties to its Order of March 6, 2008, which limits the parties to one motion for summary judgment without leave of court. *See* Doc. # 35.

The court will therefore GRANT IN PART the parties' Agreed Motion to Amend the Scheduling Order [Doc. # 50] and modify the deadlines as follows:

| | |
|---|---|
| July 27, 2009 | Plaintiff shall notify the court and Defendant by this date whether or not it plans to add new claims to its Infringement Contentions. "New claims" means claims drawn from newly added reexamination claims 4-24 only. **[Previous deadline: July 28, 2009]** |
| July 27, 2009 | If Plaintiff has notified the court that it plans to assert new claims, it will serve P.R. 3-1 Infringement Contentions (and P.R. 3-2 document production) on Defendant by this date. **[Previous deadline: August 4, 2009]** |
| August 10, 2009 | If Plaintiff has served new Infringement Contentions based on newly added claims, Defendant shall serve P.R. 3-3 Invalidity Contentions (and P.R. 3-4 document productions) by this date. **[Previous deadline: August 25, 2009]** |
| August 21, 2009 | If Plaintiff has added new claims to its Infringement Contentions, the parties will exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2) by this date. **The parties will also notify the court by this date if a claim construction hearing is required. [Previous deadline: October 12, 2009]** |
| August 28, 2009 | Parties with burden of proof to designate Expert Witnesses and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B). **[Previous deadline: July 31, 2009]** |
| September 18, 2009 | Parties to Designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B). **[Previous deadline: August 7, 2009]** |
| September 21, 2009 | File Dispositive Motions and any other motions that may require a hearing. Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions. Each individual motion shall comply |

with Local Rule CV-7. **[Previous deadline: August 28, 2009]. Responses to motions shall be due in accordance with Local Rule CV-7(e).**
**Note: Objections to any expert, including Daubert motions, shall be filed within 3 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten pages each.**

So **ORDERED** and **SIGNED** this **23** day of **July, 2009.**

_____
Ron Clark, United States District Judge