IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| LUNAREYE, INC., § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | C.A. NO. 9:07-CV-114 |
| § | |
| WEBTECH WIRELESS INC., § | |
| § | |
| § | |
| DEFENDANT. § | |

**LUNAREYE'S RESPONSE TO DEFENDANT'S CLAIM CONSTRUCTION BRIEF**

LunarEye files this response to defendant's claim construction brief, and in support thereof would respectfully show the following:

**OVERVIEW OF RESPONSE**

Defendant's proposed constructions for "location data" and "trigger signal" were briefed in LunarEye's claim construction brief, and do not require further discussion here. Defendant's proposed construction for the enable controller phrase seeks to include a "single transmission" limitation[1] in the '035 Patent that is contrary to the plain language of that limitation, as well as the '035 Patent's specification regarding continuous reporting while moving. Further, defendant's entire brief relating to the enable controller phrase is based on the prosecution history of the '035 Patent, and defendant offers no explanation as to why it did not seek this construction earlier. The parties submitted an agreed claim construction on February 22, 2008. [Doc. 32]. Defendant cannot now for the first time raise the "single transmission" limitation. Superguide Corp. v. DirecTV Enters., 358 F.3d 870, 888 (Fed. Cir. 2004).

---

[1] Defendant's proposed construction for the enable controller limitation includes other language that LunarEye has already addressed, and LunarEye will not repeat the same arguments in the interests of judicial economy.

A.      **Governing Principles of Claim Construction**

Defendant's proposed construction deviates from bedrock principles governing claim construction, particularly inasmuch defendant's "single transmission" construction is contrary to the plain meaning of the claims, directly contrary to an embodiment provided in the specifications, and not supported by the prosecution history. This is improper, and violates familiar tenets governing claim construction proceedings.

In construing the claims of a patent, the Court must look first to three sources: (i) the claim language, (ii) the patent specification, and (iii) the prosecution history of the patent. Markman, 52 F.3d at 979 (Fed. Cir. 1995). The Court is obliged to resolve legitimate disputes about claim construction and to "construe" the claims to determine their true meaning and scope. Markman, 52 F.3d at 976.

The Federal Circuit has instructed the courts that "[t]he actual words of the claim are the controlling focus." Digital Biometrics, Inc. v. Identix, Inc., 149 F.3d 1335, 1344 (Fed. Cir. 1998). The Federal Circuit "indulge[s] a heavy presumption that claim term carries its ordinary and customary meaning" as understood by one of ordinary skill in the art. Amgen Inc. v. Hoechst Marion Roussel, Inc., 314 F.3d 1313, 1327 (Fed. Cir. 2003). The Court may vary a claim term's ordinary meaning when: (i) the patentee has chosen to be his own lexicographer, (ii) if the intrinsic evidence indicates that the patentee expressly disclaimed subject matter or described a particular embodiment as being important to the invention, or (iii) a claim term deprives the claim of clarity such that there is no means by which the scope of the claim may be ascertained from the language used. CCS Fitness, Inc. v. Brunswick Corp., 288 F.3d 1359, 1367 (Fed. Cir. 2002).

**B.    The Enable Controller Phrase.**

    **1.    Waiver/estoppel.**

Defendant seeks a construction including a "single transmission" limitation that is found nowhere in the four corners of the '035 Patent.  As mentioned above, defendant provides no explanation why it is, for the first time, seeking this construction.  LunarEye submits that defendant's new construction comes too late, as it already had a full and fair opportunity to seek this construction in February of 2008.  This position is supported by Superguide Corp. v. DirecTV Enters., 358 F.3d 870, 888 (Fed. Cir. 2004), which held:

> We agree with DirecTV that SuperGuide waived its right to assert a construction other than "matches or equals" for the term "meet." Before the district court, DirecTV and EchoStar agreed that the term "meet" means "equal to or matching" and they presented this construction in their consolidated brief. In its reply brief, SuperGuide agreed that the term "meet" should be interpreted as "matches or corresponds." **The parties filed a stipulation before the *Markman* hearing listing all the disputed terms that required construction and the term "meet" was not listed.**

Id.  Similarly, defendant already stipulated to the claim constructions governing the '035 Patent, and should not get a second bite at the apple now, particularly since defendant's new position comes after LunarEye's expert reports were produced.

    **2.    The claim language does not include a "single transmission" limitation.**

Defendant appears to concede that the plain text of the pertinent claims of the '035 Patent do not include anything to hint or suggest that the invention is limited to a "single transmission" before disabling the transmitter.  "The actual words of the claim are the controlling focus." Digital Biometrics, Inc. v. Identix, Inc., 149 F.3d 1335, 1344 (Fed. Cir. 1998).   LunarEye submits that the enable controller phrase is clear on its face, and requires no construction.

### 3. The continuous reporting embodiment is inconsistent with defendant's proposed construction.

Next, defendant's brief misstates that "the '035 Patent specification fails to describe any device that includes a transmitter that transmits more than once before it is disabled." [Def. brief at p. 9]. As stated in the '035 Patent, the apparatus can provide continuous updates while it is moving.

> The controller may have the ability to determine when the apparatus is moving. It can accomplish this by comparing the location data from the GPS location signal to the location data stored in the memory or by examining the velocity data reported by the GPS receiver. In either case, the controller may leave the GPS receiver power on when the apparatus is moving. The controller can then cause the location data to be reported from time to time (e.g., every five minutes) through the cellular telemetry network by applying power to the cellular network transmitter for a short period of time. The controller may keep the GPS receiver operational for a period of time after the apparatus stops moving. **This allows the apparatus to provide continuous updates on its position while it is moving.**

[Ex. A, Col. 7, L. 59-62] (emphasis added). Defendant ignores this embodiment in its brief. The embodiment makes clear that the enable controller applies power to the transmitter for a "short period of time" to allow for "continuous updates on its position while it is moving." Nothing in the continuous update embodiment suggests that the controller cycles power to the transmitter after each message is transmitted. Nothing in the prosecution history is inconsistent with this embodiment.

This Court seized on this exact language in denying a summary judgment in the LunarEye v. IWI case, where IWI made a similar argument that the '035 Patent included a fictitious limitation that the GPS unit must be disabled "immediately or very soon" after transmission. [January 5, 2007, Order denying IWI's motion for summary judgment of noninfringement].

### 4. The '035 Patent teaches continuous reporting and is not indefinite.

Defendant's argument that the '035 Patent is invalid for inadequate written description is inappropriate for a claim construction brief. It does not appear defendant has raised this issue in any of its invalidity contentions. Defendant appears to be seeking a backdoor summary judgment, which should be rejected.

Further, the argument borders on the frivolous, as the above-quoted language clearly shows in one embodiment the '035 Patent teaches that it "allows the apparatus to provide continuous updates on its position while it is moving." Defendant's statement that there is "a dispute as to whether the claims would have a scope that allows for continuous transmission" is unsupportable in the face of this language. The '035 Patent clearly teaches continuous transmission. Defendant should not be allowed to create a fictitious dispute to trigger claim construction.

Additionally, defendant's arguments based on the prosecution history fail to convince. LunarEye's statements in distinguishing Janky do not support defendant's proposed construction. The examiner initially found that Janky inherently included the limitation of an enable controller configured to disable the transmitter after the transmitter sends the location signal. [Def. Ex. C at 240]. Later, the examiner reversed itself when it determined that Janky did not include an enable controller configured to disable the transmitter after transmission of a location signal. The examiner confirmed this point during the reexamination, when defendant attempted to argue that the '035 Patent's power management was obvious in light of Janky:

> From the above paragraphs, although the receiver/processor 31 of Janky is normally in "sleeper" mode and is awakened by a trigger signal, there is no discussion in those paragraphs, however, as to what happens to the transmitter after the trigger signal is received, **and there also is no indication that the enable controller is configured to disable the location-signal generating device and the telemetry transmitter after the telemetry transmitter transmits the location signal.** Accordingly, the combination of Janky and Lawrey fails to teach every limitation in claim 3.

[Ex. A, June 5, 2008, Notice of Rejection, p. 14]. Thus, the pivotal distinction was whether Janky taught an enable controller configured to disable the transmitter, not whether the '035 Patent includes a fictitious "single transmission" limitation.

Further, the "single transmission" discussion related to Janky comes from Janky's specifications, not LunarEye's:

> In the pivotal language relied on by the examiner. "the IS responder/transmitter means may contact the IS contact receiver only once, as desired," column 12, lines 25-26, Janky used the verb associated with setting up the communications link ("contact"), not the verb associated with transmitting the vehicle location information ("transmit"). Thus, this language is referring to setting up a communications link only once, not transmitting the vehicle location information only once.

[Def.'s Ex. C, p. 240-241] (emphasis in original). Thus, the "only once" language is found in Janky,[2] not the '035 Patent. Defendant's argument misses the mark.

Defendant next intimates that the "single transmission" issue was raised in the reexamination, which is not true. LunarEye distinguished Girerd on the basis that Girerd does not teach an enable controller configured to disable the transmitter. [Def.'s Ex. A, p. 34]. Nothing in the reexamination proceeding referenced or discussed a "single transmission." As discussed above, the focus in the prosecution history and reexamine where whether any of the prior art taught an enable controller configured to disable the GPS unit and transmitter.

Try as it might, defendant cannot point to any language in the claims, specifications, or prosecution history where LunarEye stated (or even intimated) that the invention taught by the '035 Patent includes a "single transmission" limitation. It is undisputed the claims do not include such a limitation by and through their clear language. It is irrefutable that one embodiment teaches continuous transmission while moving. Finally, the prosecution history

---

[2] A courtesy copy of Janky is attached hereto as Exhibit B.

contains "single transmission" statements made relative to Janky's specifications, not those found in the '035 Patent.

As such, LunarEye again submits that the "enable controller" phrase requires no further construction. Defendant's belated attempts to invent a fictitious limitation at this stage of the case should be rejected.

## CONCLUSION

For the foregoing reasons LunarEye respectfully requests that the Court adopt LunarEye's proposed constructions, and for any such further relief to which LunarEye shows itself entitled.

Dated: October 14, 2009

Respectfully submitted,

/s/ E. Armistead Easterby
Edwin Armistead Easterby
Texas Bar No. 00796500
Email: aeasterby@williamskherkher.com
Williams Kherkher Law Firm.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served in compliance with the Federal Rules of Civil Procedure on all counsel of record on the 14th day of October, 2009.

/s/ E. Armistead Easterby
Edwin Armistead Easterby