**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| LUNAREYE, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 9:07-CV-114 |
| WEBTECH WIRELESS, INC., | § § | |
| Defendant. | § § § | |

**DEFENDANT'S OPPOSED MOTION FOR LEAVE TO FILE AN AMENDED ANSWER
TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant, WebTech Wireless, Inc. ("WebTech") files this Opposed Motion for Leave to File its Amended Answer to Plaintiff's Original Complaint ("Motion to Amend").

**I.      SUMMARY OF THE CASE**

WebTech requests leave to file its Amended Answer to Plaintiff's Original Complaint ("Amended Answer") to add an affirmative defense of inequitable conduct and a counterclaim requesting that this Court enter a Declaratory Judgment that U.S. Patent No. 6,484,035 ("the '035 Patent") is enforceable due to inequitable conduct. Specifically, the inventor Alvin C. Allen, Jr. ("Allen") committed inequitable conduct during the Ex Parte Reexamination of the '035 Patent.

**II.     STATEMENT OF UNCONTESTED FACTS**

1.      Allen filed U.S. Patent Application No. 09/206,627 ("the '627 Application") on December 7, 1998. This application contained 33 claims, including original claim 26 that later issued as claim 3 of the '035 Patent.

2. The patent application that led to the '035 Patent ("the '035 Application") – the subject of this lawsuit – was filed as a continuation of the '627 Application on November 13, 2001. The '035 Application also contained original claim 26 that issued as claim 3 of the '035 Patent.

3. During prosecution, the claims of the '627 Application were rejected twice by the Patent and Trademark Office ("PTO"). On November 13, 2001, Allen filed a Notice of Appeal with the PTO to appeal these rejections. In this appeal, Allen argued that the prior art of record did not disclose the "enable controller" claim limitation of original claim 26.

4. On June 9, 2004, the PTO ruled that the "enable controller" claim limitation of original claim 26 was not directly found in the prior art, but that this claim limitation was obvious in view of the prior art. Thus, the '627 Application was sent back to the examiner for further prosecution.

5. On December 16, 2004, the PTO mailed an Office Action that once again rejected all claims of the '627 Application. Exhibit A, Office Action of December 16, 2004. Original claim 26 was rejected as anticipated under 35 U.S.C. § 102(e) in view of U.S. Patent No. 6,121,922 ("the '922 Mohan Patent") that was uncovered by the examiner following the appeal. *See id.* at 2-3. In the December 16, 2004 Office Action, the PTO provided a detailed analysis of the '922 Mohan Patent's disclosure of the "enable controller" claim limitation that Allen had argued was not found in the prior art. *See id.* at 3.

6. Allen then abandoned the '627 Application.

7. The '035 Patent issued on November 19, 2002 – two years before this December 16, 2004 Office Action. Thus, the '922 Mohan Patent was never cited during the prosecution of the '035 Patent.

8. On September 8, 2007, attorneys representing WebTech filed an *Ex Parte* Reexamination Request with the PTO requesting that claim 3 of the '035 Patent be reexamined in light of a number of patents and printed publications. This Request did not include the '922 Mohan Patent.

9. On June 5, 2008, the PTO issued an Office Action rejecting claim 3 of the '035 Patent in view of U.S. Patent No. 6,131,067 ("the '067 Girerd Patent"). Allen and his patent attorney participated in an interview with the examiner concerning this Office Action on July 10, 2008.

10. On August 5, 2008, Allen through his patent attorney submitted an Information Disclosure Statement ("IDS") to the PTO identifying patents that may be material to the reexamination of claim 3. Exhibit B, IDS of August 5, 2008. The '922 Mohan Patent was not one of the 34 patents listed in this IDS.

11. Also, on August 5, 2008, Allen through his patent attorney filed a response to this Office Action. Exhibit C, Allen Response to Office Action of August 5, 2008. In this Response, Allen argued that the '067 Girerd Patent does not teach, show, or suggest the "enable controller" claim limitation. *See id.* at 11-13. In this Response, Allen stated:

> Specifically, Girerd does not teach, show or suggest disabling the telemetry transmitter, i.e. the cellular telephone 222, after the location signal is transmitted. The cellular telephone 222 continues to receive power and continues to remain fully capable of receiving a signal . . . .
>
> Furthermore, powering down or disabling is not a known function or feature of a cellular telephone. Cellular telephones have on/off buttons that must be manually controlled by a user.

*See id.* at 11-12.

12. On September 15, 2009, the PTO issued an *Ex Parte* Reexamination Certificate for the '035 Patent. Exhibit D, Reexamination Certificate of September 15, 2009. The '922 Mohan Patent was not listed as a Reference Cited. *See id.* at 1.

13. Allen did not disclose the '922 Mohan Patent to the PTO during the Reexamination of the '035 Patent.

14. After receiving *Ex Parte* Reexamination Certificate, counsel for WebTech conducted due diligence and also requested an explanation from Plaintiff as to why the '922 Mohan Patent was not cited during the Reexamination. No explanation was ever provided.

### III.   ISSUES PRESENTED

Whether the Court should allow WebTech leave to file its Amended Answer to Plaintiff's Original Complaint when WebTech only recently learned of the inequitable conduct committed by Allen, and none of the relevant factors that might justify denial of such leave are present.

### IV.   ARGUMENT

The Court should grant WebTech leave to file its Amended Answer because none of the factors that could support denying a motion for leave to amend at this stage in the proceedings is present. Federal Rule of Civil Procedure 15 states that the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of this rule is "to permit liberal amendment to facilitate determination of claims on the merits." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citations omitted). Leave to amend should be allowed unless there is a substantial reason for denying leave to amend. *Id.* Factors that could support such a substantial reason are: (1) undue delay, bad faith, or dilatory motive on the movant's part; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the non-moving party; and (4) futility of the amendment. *Id.*; *see also Foman*

*v. Davis*, 271 U.S. 178, 182 (1962).  None of these factors is present so there can be no substantial reason for denying WebTech's Motion for Leave to File its Amended Answer.

   **A.** **WebTech's Amended Answer Should be Entered.**

There is no substantial reason for denying WebTech leave to file its Amended Answer.  WebTech's proposed Amended Answer solely adds the affirmative defense of inequitable conduct and a corresponding counterclaim.  This claim of inequitable conduct centers around the actions of Allen during the Reexamination and his decision to hide the '922 Mohan Patent from the PTO.  This Reexamination concluded on September 15, 2009, which is less than one month ago.  *See* Exhibit D, Reexamination Certificate.  The Reexamination Certificate issued by the PTO is the integral piece of evidence showing that Allen did not disclose the '922 Mohan Patent to the PTO.  *See id.*  Thus, WebTech could not have substantiated its inequitable conduct allegation until the Reexamination Certificate issued.

   **B.** **There is No Undue Delay, Bad Faith, or Dilatory Motive on Behalf of WebTech.**

WebTech's Motion for Leave to File its Amended Answer is made in good faith, and there has been no delay on WebTech's part in seeking to add the defense and counterclaim of inequitable conduct.  WebTech seeks leave to file its Amended Answer in response to the inequitable actions of Allen, the inventor of the '035 Patent.  Under 37 C.F.R. § 1.56, Allen has a duty to disclose information that is material to the patentability of the '035 Patent.  Allen breached this duty by withholding the '922 Mohan Patent from the PTO during the *Ex Parte* Reexamination of the '035 Patent.  Allen cannot argue that he had no knowledge of the materiality of the '922 Mohan Patent because he received an Office Action from the PTO rejecting the same claim as anticipated in view of the '922 Mohan Patent.  This is not a case

where Allen may or may not have known of the materiality of the '922 Mohan Patent – the PTO directly told him that the '922 Mohan Patent was material.

WebTech is seeking leave to file its Amended Answer just over one month after obtaining the Reexamination Certificate from the PTO. Without this Reexamination Certificate, WebTech could not ascertain whether the '922 Mohan Patent had been provided or considered by the PTO during the Reexamination of the '035 Patent. Far from undue delay or proof of a dilatory motive, WebTech is submitting its inequitable conduct allegation promptly after receiving the Reexamination Certificate and conducting its own due diligence, including requesting an explanation from Plaintiff as to why the '922 Mohan Patent was not cited. No explanation was ever provided.

### C. There Has Been No Repeated Failure to Cure Deficiencies By Amendments Previously Allowed and Plaintiff Will Not Suffer Undue Prejudice.

This is the first time that WebTech has sought to amend its Answer, and WebTech is not seeking to cure any deficiencies in its previous answer. Rather, WebTech seeks leave to amend because of new evidence in the case. The trial date was recently moved to April 19, 2010 – almost six months from now, and discovery does not close for almost five months. *See* Scheduling Order, Docket # 72. Plaintiff has ample time to prepare its case with regard to this inequitable conduct allegation. Further, the evidence surrounding this inequitable conduct allegation resides with Plaintiff. In fact, there is not one piece of evidence that Plaintiff will have to discover from WebTech with regard to this inequitable conduct allegation. Thus, Plaintiff will not suffer undue prejudice in light of WebTech's Amended Answer.

### D. Far From Futile, WebTech's Inequitable Conduct Allegation is Supported by the Evidence and Patent Rules.

The PTO informed Allen that the '922 Mohan Patent was material to the patentability of claim 3 of the '035 Patent. *See* Exhibit A, Office Action of December 16, 2004. The PTO

provided a detailed explanation and outlined the '922 Mohan Patent's disclosure of the "enable controller" claim limitation. *See id.* at 3. Interestingly, Allen abandoned his application in response to this Office Action. During the *Ex Parte* Reexamination of the '035 Patent, Allen withheld the '922 Mohan Patent from the PTO. *See* Exhibit B, IDS. In fact, Allen identified 34 patents that he believed were material to the examination of the '035 Patent, but did not disclose the '922 Mohan Patent. *See id.* Then, Allen through his patent attorney made arguments that he could not have made in view of the '922 Mohan Patent's disclosure of the "enable controller" claim limitation. Exhibit C, Allen Response to Office Action, pgs. 11-13. In fact, his arguments concerning the "enable controller" claim limitation are directly related to the disclosure of the '922 Mohan Patent. *See id.* Thus, pursuant to 37 C.F.R. § 1.56 Allen knew of the materiality of the '922 Mohan Patent and breached his duty to disclose the '922 Mohan Patent to the PTO, thereby committing inequitable conduct. Far from futile, WebTech seeks leave to file its Amended Answer to allege a defense and counterclaim that are strongly supported by the facts of the case and the patent rules.

## V. CONCLUSION

WebTech's Motion for Leave to File an Amended Answer should be granted because WebTech promptly seeks leave to amend its Answer after substantiating its inequitable conduct allegation and because none of the factors recited above support a substantial reason for denying WebTech's Motion for Leave. WebTech, therefore, respectfully requests that the Court grant this Motion for Leave to File its Amended Answer.

Dated: November 4, 2009                    Respectfully submitted,

                                                */s/ Brett C. Govett*
Brett C. Govett
Texas Bar No. 08235900
bgovett@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

Counsel for Defendant
WEBTECH WIRELESS, INC.

**CERTIFICATE OF CONFERENCE**

Counsel for WebTech attempted to contact counsel for Plaintiff via telephone several times during the week of October 16, 2009. Failing to reach counsel for Plaintiff, counsel for WebTech, Mr. Brett C. Govett, sent an email to counsel for Plaintiff, Armi Easterby, on October 23, 2009, outlining the basis for WebTech's inequitable conduct defense and counterclaim that it seeks leave to introduce in its Answer. This email requested an explanation by October 30, 2009, as to why the Mohan Patent was not submitted to the Patent Office during the re-examination. Counsel for Plaintiff responded on October 23, 2009, noting that he had to discuss with his client and would provide a further response later. Counsel for Plaintiff failed to respond by October 30, 2009. Given the lack of any response, counsel for WebTech again attempted to contact counsel for Plaintiff via email on November 3, 2009 to seek a response and to confirm whether Plaintiff would oppose a motion for leave to amend the pleadings to assert the inequitable conduct defense and counterclaim. Counsel for Plaintiff responded on November 4, 2009, stating that WebTech's motion for leave would be opposed. Therefore, the issue is submitted to the Court for determination.

                                                                         */s/ Brett C. Govett*
                                                                             Brett C. Govett

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of the above pleading was served in compliance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas on November 4, 2009.

                                                                         */s/ Brett C. Govett*
                                                                             Brett C. Govett