IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

LUNAREYE, INC.,                     §
                                    §
        PLAINTIFF,                  §
                                    §
V.                                  §        C.A. NO.  9:07-CV-114
                                    §
WEBTECH WIRELESS, INC.,             §
                                    §
                                    §
        DEFENDANT.                  §

## RESPONSE TO MOTION FOR LEAVE TO FILE AMENDED ANSWER

Plaintiff LunarEye, Inc. ("LunarEye") files this response in opposition to defendant's motion for leave to file an amended answer to LunarEye's original complaint.

## SUMMARY OF THE CASE.

Defendant's requested amendment flies in the face of the reexamination stipulation, the prior scheduling order, and is illustrative of defendant's "scorched earth" litigation tactics.  In essence, defendant seeks invalidity of the '035 Patent based on defendant's failure to include the Mohan patent (which defendant cited as relevant prior art in December of 2007 in its initial invalidity contentions) in the reexamination proceedings.  The court should not countenance defendant's continued efforts to radically shift its defense theories and the motion should be denied.

## RESPONSE TO LIST OF UNDISPUTED FACTS.

**A.      Responses.**

1.      Disputed as clarified below.

2.      Disputed as clarified below.

3.      Disputed as clarified below.

4.     Undisputed that on June 9, 2004, the Board of Appeals reversed the examiner's rejection.

5.     Undisputed that the PTO issued an office action on December 16, 2004, rejecting all claims of the '627 Application.

6.     Undisputed.

7.     Undisputed that the '035 Patent issued on November 19, 2002.

8.     Undisputed.

9.     Undisputed.

10.     Undisputed.

11.     Undisputed.

12.     Undisputed.

13.     Undisputed that neither party discussed Mohan in the reexamination.

14.     LunarEye does not have adequate information to admit or deny this statement, as it is unknown why defendant did not include Mohan in the reexamination.

**B.     Non-Movant's additional material.**

15.     LunarEye disputes defendant's statement that claim 26 of the original '627 Application later became claim 3 of the '035 Patent.  This statement ignores the fact that on August 12, 2002, the examiner added the amendment "wherein the data selecting device reorders the selected location data."

16.     Mohan contains no discussion of a data selecting device, selecting less than all of location data or the reordering of location data.  [Ex. A, Mohan Patent].

17.    Mohan does not appear to contemplate the enabling or disabling of its data modem, which is shown as a separate sub-system of its "communications transceiver." [Ex. A, Fig. 1].

18.    Defendant cited to Mohan in its December 12, 2007, invalidity contentions.

19.    On June 19, 2008, the Court stayed the case pending resolution of defendant's ex parte reexamination of the '035 Patent. [Doc. 43]. The order contains a standard reexamination stipulation that reads as follows:

> As a condition of the stay, Defendant may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendant will be permitted to rely for obviousness on the combination of a printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.

20.    On June 19, 2009, the USPTO mailed its notice of intent to issue ex parte reexamination certificate. [Doc. 46, Ex. 1].

21.    On August 31, 2009, defendant served its expert reports. Invalidity due to inequitable conduct is not included in these reports.

22.    Defendant deposed inventor Allen on September 9, 2009, but failed to ask Allen a single question regarding Mohan.

23.    Defendant has provided no explanation as to why it did not include Mohan in the reexamination, or why it has waited until November of 2009 to seek amendment of its original answer.

### ARGUMENT

**A.    There has been undue delay, bad faith, or a dilatory motive on Defendant's part.**

Defendant cited Mohan in its December 12, 2007, invalidity contentions. Defendant provides absolutely no explanation in its motion as to why it chose not to include Mohan in the

reexamination. Defendant appears to have attempted to set a trap for the patentee, whereby defendant would suppress Mohan from the USPTO during reexamination, and then claim that the patentee was guilty of inequitable conduct by failing to raise it. This turns the reexamination procedure on its head, as it would ostensibly require the patentee to cite cumulative "prior art" (which defendant itself did not believe was meritorious of disclosing to the USPTO) or face potential invalidity of the patent.

Defendant's statement that inventor Allen chose to hide the Mohan patent from the USPTO is illustrative of its bad faith and dilatory motives. Defendant chose to hide Mohan from the USPTO, not Allen. Defendant cited Mohan in its December 12, 2007, invalidity contentions. Defendant obviously engaged in an exhaustive search of published prior art, and took its best shot with the USPTO to invalidate the '035 Patent. Mohan was never mentioned by defendant. Defendant cites no proof or evidence to support a theory that Allen intentionally sought to mislead the USPTO at any time (despite having multiple opportunities to depose him). It would be grossly inequitable now to allow defendant an additional defense after obvious sandbagging.

Defendant's statement that it was not aware of the alleged inequitable conduct until September 15, 2009, is inaccurate. Allen filed his Information Disclosure Statement on August 8, 2008. [Def.'s Ex. B]. Defendant, who initiated the reexamination, could have easily retrieved this filing well over a year ago, and probably did.

Further, the requested amendment violates the spirit of the June 19, 2008, stipulation. The purpose of staying the case during reexamination has been discussed in several Eastern District courts:

1.    All prior art presented to the Court will have been first considered by the PTO, with its particular expertise;

2.    Many discovery problems relating to prior art can be alleviated by the PTO examination;

3.    In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed;

4.    The outcome of the reexamination may encourage a settlement without the further use of the Court;

5.    The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;

6.    Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination; and

7.    The cost will likely be reduced both for the parties and the Court.

Premier Int'l Assocs. LLC v. Hewlett-Packard Co., 554 F. Supp. 2d 717, 720 (E.D. Tex. 2008). Defendant's continued gamesmanship has eviscerated nearly all of these factors. All prior art that was presented to the Court in defendant's December 7, 2007, invalidity contentions was not considered by the USPTO because defendant inexplicably chose to suppress it. Discovery problems have been increased, not alleviated (as shown through the multitude of pending motions defendant has either filed or LunarEye has been forced to pursue). The outcome of reexamination has actually made settlement less likely. The complexity of the case and costs to the parties have escalated.

The simple fact is this situation was created by defendant, not LunarEye. Defendant was aware of Mohan, but chose not to pursue it on reexamination. Defendant should not be allowed not to use its own gamesmanship to serve as the excuse to a tardy amendment. Defendant's statement that it is seeking the amendment only one (1) month after obtaining the reexamination

certificate is not accurate. The USPTO issued its notice of intent to issue ex parte reexamination on June 19, 2009. [Doc. 46, Ex. 1]. Thus, defendant waited for nearly four (4) months to seek the belated amendment. Defendant's experts do not opine that inequitable conduct occurred. One of defendant's experts, Thomas Rhyne, specifically discusses the prosecution history of the '035 Patent and Mohan in his report, but does not allege inequitable conduct.

It is clear that if the Court allows this new defense defendant will again seek to amend its expert reports. It will likely seek to depose the inventor for the third time. LunarEye respectfully requests the Court deny this motion and otherwise put a stop to defendant's tireless attempts to assert new defenses on information they have known about for almost two (2) years.

**B.    Defendant has not previously sought to amend its answer.**

This factor is not relevant because defendant has not previously sought to amend its answer. However, as argued below, LunarEye will suffer prejudice if the Court allows defendant to pursue this new defense and counterclaim.

**C.    Defendant's inequitable conduct allegation is futile.**

Defendant's motion is notable in its failure to specifically address the claims of Mohan. Defendant also fails to discuss the August 12, 2002, examiner's amendment that added the "reorder" limitation to claim 3. Defendant's reluctance to discuss this is understandable, as was its suppression of Mohan in the reexamination. The simple fact is Mohan does not anticipate claim 3 (or the newly issued claims) of the '035 Patent, and is cumulative of the other prior art submitted by defendant.

Mohan contains no discussion of a data-selecting device that selects less than all or reorders location data. [Ex. A, col. 7-8]. Mohan does not appear to contemplate the enabling or disabling of its data modem, which is shown as a separate sub-system of its "communications

transceiver." [Ex. A, Fig. 1]. Thus, Mohan does not anticipate Claim 3 or 4 of the '035 Patent. Defendant's argument that the USPTO would have reached a different result during reexamination had it considered Mohan is belied by the fact that defendant did not find Mohan significant enough to even cite. LunarEye shares defendant's apparent view that Mohan was not relevant or material prior art for reexamination.

Mohan, at best, is cumulative of the prior art submitted by defendant, all of which included power management schemes that allegedly anticipated the '035 Patent. The USPTO rejected these arguments. There is nothing about Mohan that is different or unique as compared to the patents considered in reexamination by the USPTO (and most importantly defendant does not claim Mohan is different). Cumulative prior art cannot serve as the basis of inequitable conduct. Larson Mfg. Co. of S.D. v. Aluminart Prods., 559 F.3d 1317, 1333 (Fed. Cir. 2009); See, e.g., Regents of the Univ. of Cal. v. Eli Lilly & Co., 119 F.3d 1559, 1575 (Fed. Cir. 1997)(stating "[w]hat is relevant is whether [the withheld material] discloses subject matter relevant to the examination of the . . . patent application that is not taught by the [material already before the PTO]."). Defendants obviously believed Mohan was cumulative, as they decided to not even present it to the USPTO.

Mohan is another red-herring. Similar to defendant's new invalidity contentions, defendant should not be allowed to continually insert baseless and tardy defenses in a case that was filed in May of 2007. The reexamination stipulation was entered to protect LunarEye from having to respond to published prior art defendant should have presented to the USPTO. Allowing defendant to seek invalidity of the '035 Patent based on "prior art" they themselves ignored as non-material is prejudicial to LunarEye. The case should be tried on the merits, not on spurious defenses that are not legally or factually supportable.

## CONCLUSION

For the foregoing reasons, LunarEye respectfully requests the Court deny defendant's motion to for leave to amend its answer, and any other relief the Court deems proper under the circumstances.

Dated: November 16, 2009                    Respectfully submitted,


*/s/ E. Armistead Easterby*
Edwin Armistead Easterby
Texas Bar No. 00796500
Email: aeasterby@williamskherkher.com
Williams Kherkher Law Firm.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Telephone:  (713) 230-2200
Facsimile:  (713) 643-6226
Counsel for Plaintiff


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served in compliance with the Federal Rules of Civil Procedure on all counsel of record on the 16th day of November, 2009.

*/s/ E. Armistead Easterby*
Edwin Armistead Easterby